IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SHARI MACHESNEY, individually and as the representative of a class of similarly-situated persons,<br><br>              Plaintiff,<br><br>   v.<br><br>RAMSGATE INSURANCE, INC.,<br><br>              Defendant. | No. 13-CV-11804<br><br>Judge Marianne O. Battani<br><br>Mag. Judge Mona K. Majzoub |

**PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION**

NOW COMES Plaintiff, SHARI MACHESNEY ("Plaintiff"), pursuant to Fed. R. Civ. P. 23(a), (b)(3) and (g), and hereby submits her Motion for Class Certification.

A.    Proposed Class Definition.

All persons who are holders of telephone numbers to which a facsimile transmission was sent on behalf of Defendant advertising or promoting the goods or services sold by or through Defendant, at any time from May 25, 2006, to and including the present (the "Class Period").

Defendant sent Plaintiff and others a standardized form advertisement. Plaintiff anticipates that the proposed class definition will change after discovery defines the precise contours of the class and the advertisements that were sent. Plaintiff requests leave to submit a brief and other evidence in support of this motion after discovery about the class elements.

B.    Numerosity.

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, on information and belief, Defendant's

advertisements were successfully sent to at least 40 facsimile numbers. Individual joinder of absent class members is impracticable.

C.  <u>Commonality</u>.

Rule 23(a) also requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is satisfied by showing "a common nucleus of operative fact." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Defendant engaged in standardized conduct involving a common nucleus of operative facts by faxing a single advertisement form to persons on a list generated by a third party, which did not contain a proper opt-out notice, and did not obtain prior express invitation or permission to send Defendant's advertisement by fax.

D.  <u>Typicality</u>.

Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiff's claims and the other proposed class members' claims all arise from Defendant's fax advertising campaign. Thus, all class member claims' arise from the same transaction or occurrence.

E.  <u>Adequacy of Representation</u>.

Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). There is no antagonism between the interests of Plaintiff and those of the other class members. Plaintiff's counsel are experienced lawyers and they are adequate counsel for the class.

F.  **Predominance**.

Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions.  As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute. Common fact issues also predominate because the case involves standardized form advertisements sent to multiple persons at the same time, not personalized, individual correspondence.

G.  **Superiority**.

Rule 23(b)(3) also requires that a class action be the superior method for adjudicating the claims.  Certifying a class is the "superior" way when the "'class action would achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem Prods. v. Windsor,* 521 U.S. 591, 615 (1997).

## CONCLUSION

The proposed class meets the requirements of Rules 23(a), (b)(3) and (g). Plaintiff requests that the Court certify the class, appoint Plaintiff as the class representative, and appoint Plaintiff's attorneys as class counsel.

June 20, 2013                                              Respectfully submitted,

/s Phillip A. Bock
One of Plaintiff's attorneys

Jason J. Thompson
SOMMERS SCHWARTZ
2000 Town Center, Suite 900
Southfield, MI 48075
Telephone: 248-355-0300
Fax: 248-436-8453

Phillip A. Bock
Tod A. Lewis
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone: 312-658-5500
Fax: 312-658-5555

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847-368-1500
Fax: 847-368-1501

Attorneys for Plaintiff