**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHARI MACHESNEY, individually and as
the representative of a class of similarly-
situated persons,

               Plaintiff,              CASE NO. 2:13-cv-11804

v.                                HON. MARIANNE O. BATTANI

RAMSGATE INSURANCE, INC.,

               Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN**
**AND FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Before the Court is Plaintiff Shari Machesney's Motion to Reopen the Case and

to File an Amended Complaint. (Doc. No. 30). Machesney filed the instant action

alleging that Defendant Ramsgate Insurance Company ("Ramsgate") sent junk fax

advertisements to her in violation of the Telephone Consumer Protection Act ("TCPA"),

47 U.S.C. § 227, *et seq.* On October 21, 2013, the Court dismissed the case without

prejudice to await the disposition of a similar case pending in Illinois state court. After

the Illinois case was dismissed, Machesney filed the instant motion seeking leave to file

an amended complaint. For the reasons stated below, the motion is **GRANTED**.

**I.**    **STATEMENT OF FACTS**

Plaintiff Shari Machesney received three unsolicited advertisement faxes dated

December 19, 2006; January 3, 2007; and January 11, 2007; from Defendant

Ramsgate. The faxes advertised Ramsgate's Manufacturing and Construction

insurance products. Ramsgate allegedly sent the same faxes to at least 39 other

recipients. One of those recipients, Jerry Zersen, filed a putative class action in Illinois

state court on May 25, 2010 (the "Zersen action").   Zersen named Ramsgate and ACBOA Insurance Center (a company managed by Ramsgate) as Defendants. Machesney filed a motion to intervene as a plaintiff in the case, but the court denied her motion.

On April 22, 2013, almost seven years after receiving the faxes, Machesney filed a class action complaint alleging violations of TCPA against Ramsgate.  The Complaint defined the class to include:

> All persons who are holders of telephone numbers to which a facsimile transmission was sent on or behalf of Defendant advertising or promoting the goods or services sold by or through Defendant, at any time from May 25, 2006, to and including the present (the "Class Period").

(Doc. 1 at 5).  At the time Machesney filed her first complaint, Zersen's class definition was substantially similar, save for the fact that Zersen named two parties as defendants in his action.  It  included "all persons" who received a fax from Ramsgate or ACBOA within four years prior to the filing of his complaint (May 25, 2006) to the present, the same as Machesney's class definition.

After Machesney filed her complaint in this Court, Ramsgate moved to dismiss, arguing that the claims were barred by the four-year statute of limitations.  Machesney asserted that the Zersen action tolled the statute of limitations for her claims because she was part of the putative class.  On October 21, 2013, the Court granted Ramsgate's motion to dismiss without prejudice, noting that the proper course of action was to await disposition of the Illinois state court case.

On October 23, 2013, two days after this Court's ruling, Zersen filed an Amended Motion for Class Certification, which amended the class definition to exclude two of Machesney's faxes from the putative class.  The definition included:

> All persons who were sent one or more facsimiles from Ramsgate Insurance and the American Consolidated Business Owners Alliance advertising "OPEN ENROLLMENT" in the "award winning program modernLINK from American Modern."

(Doc. No. 30, Ex. A at ¶ 22).

On January 24, 2014, the Illinois state court denied Zersen's Amended Motion for Class Certification, noting that there existed no feasible manner for putative class member notification.  (Id. at ¶ 23).  Zersen appealed the decision.

Shortly thereafter, Machesney filed the instant motion seeking to reopen her case and file an amended class action complaint, which does not allege receipt of the January 11, 2007 fax.  The complaint alleges that the Zersen action tolled the statute of limitations on her claims.

## II.   STANDARD OF REVIEW

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any [ ] reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Although Rule 60(b) allows a party to reopen a case in appropriate circumstances, leave to file an amended complaint is governed by Rule 15(a).  See Fed. R. Civ. P. 15(a) (leave to amend permissible with leave of the court).  In considering a motion to reopen and file an amended complaint, courts should consider "futility of amendment."  Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 996, 1001 (6th Cir. 2005).

## III.   ANALYSIS

In order for the Court to grant Machesney's request to reopen this matter, she must demonstrate that the filing of her amended complaint is justifiable and not futile.

3

However, the overarching issue in this case is to what extent, if any, a putative class member plaintiff benefits from American Pipe tolling when the class definition in the underlying putative class action is subsequently amended, thereby excluding the plaintiff as a putative class member. If the putative class member's claims benefit from tolling until the class definition is amended, it must also be determined whether the former putative class member plaintiff may then bring a subsequent class action or is instead limited to bringing an individual action. These questions turn on whether the putative class member plaintiff was in fact part of the original class definition in the underlying action and whether the court in the underlying class action adjudicated the merits of class certification.

### A.    American Pipe Tolling Doctrine

"[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 554 (1974). Importantly, the filing of a class action tolls the statute of limitations for all members of the putative class regardless of whether the class member sought to intervene. Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 349 (1983). Once the class action is filed, the statute of limitations remains tolled until class certification is denied. Id. at 354. "At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." Id. In addition, the statute of limitations is tolled only for those claims for which the defendant received notice in the original class action. Id. at 355 (Powell, J. concurring) ("Claims as to which the

4

defendant was not fairly placed on notice by the class suit are not protected under American Pipe and are barred by the statute of limitations.").

The applicable statute of limitations for TCPA claims is four years, 28 U.S.C. § 1658(a), and the burden is on Machesney to establish that her claims survive. See In re Vertrue Mktg. & Sales Practices Litig., 712 F. Supp. 2d 703, 711 (N.D. Ohio 2010). Machesney received the faxes in December 2006 and January 2007, but did not file the instant action until April 22, 2013, over six years later, which was dismissed by the Court without prejudice, giving rise to the instant motion. However, the first step is to determine whether Machesney's claims were part of the original class definition in the Zersen action and thereby benefit from American Pipe tolling.

Ramsgate asserts that Machesney's claims are not tolled because she was not a putative class member in the Zersen action. Zersen's original class definition included "all persons . . . who were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants [Ramsgate and ACBOA]." Ramsgate asserts that because Machesney did not receive any faxes that included ACBOA, her claims are not substantially similar. See Phipps v. Wal-Mart Stores, Inc., 925 F. Supp. 2d 875, 878 (M.D. Tenn. 2013) (noting that the allegations in the original class action are relevant because "they demonstrate that the allegations in this lawsuit are substantially similar").

All of the faxes sent to Zersen and Machesney advertise Ramsgate-related insurance products. The products are different, but Ramsgate appears on each fax. In addition, the faxes that Zersen received state that ACBOA is "managed by Ramsgate Insurance, Inc." Initially, Zersen sought to form a class of plaintiffs who received

Ramsgate's junk faxes, regardless of whether they advertised identical products. Although Ramsgate asserts that only individuals who received faxes naming both "Defendants" may be included in the class, there is nothing to suggest that Zersen's class definition should be read so narrowly. Indeed, the original class definition does not specify a particular product or require that the fax must name both Ramsgate and ACBOA. Therefore, prior to amendment, Machesney was a putative member of the class in the Zersen action, as she received a fax advertising one of Ramsgate's insurance products within the relevant class period.

Ramsgate next argues that even if Machesney was part of the original putative class, she cannot benefit from cross-jurisdictional tolling. It asserts that American Pipe tolling is limited to subsequent claims filed within the same jurisdiction following the denial of class certification. Because the Zersen action took place in Illinois state court, permitting Machesney to subsequently file in Michigan federal court undermines the goal of judicial efficiency inherent in class actions.

The Seventh Circuit addressed the issue of cross-jurisdictional tolling in Sawyer v. Altas Heating & Sheet Metal Works, Inc., 642 F.3d 560, 562-63 (7th Cir. 2011). In Sawyer, a plaintiff who received an unsolicited fax filed a class action lawsuit in Wisconsin state court. Id. at 561. However, prior to reaching the issue of class certification, the plaintiff dismissed its complaint. Id. Three days later, another plaintiff filed a class action in Wisconsin state court covering the same faxes. Id. The case was removed to federal district court, which held that the limitations period for the second class action was tolled by the filing of the first class action. Id. The court rejected defendant's argument that American Pipe tolling "applies only when both suits were filed

in federal court." Id. at 562. It reasoned that the putative class member plaintiff's "reliance interests were the same as if the first suit had be filed in federal court." Id. In other words, as long as the claims raised in the actions are created by same source of law, there is no reason to preclude a subsequent action in another forum. "The source of law, and not the identity of the forum, determines the effect of a failed class action." Id. at 563.

Here, both Zersen and Machesney filed complaints alleging federal causes of action under TCPA. The source of law for their respective claims is the same, and the Court has already determined that Machesney was a putative member of the Zersen action. Although both cases were filed in the same forum in Sawyer, the reasoning underlying its refusal to prohibit cross-jurisdictional tolling applies equally to the instant case. Machesney could not choose where to file the original class action and should not be constrained to file in the same forum based on the unilateral actions of the originally named plaintiff. She reasonably relied upon Zersen, as class representative, to fully and fairly present her claims (which he ultimately failed to do). The fact that she seeks relief in another forum does not undo the tolling effect of the Zersen action on her claims. The Court notes that Ramsgate cites six cases rejecting cross-jurisdictional tolling. However, none of the cases are binding authority, and the Court declines to follow their reasoning.

Consequently, the filing of the Zersen action on May 25, 2010, operated to delay the running of the statute of limitations on Machesney's claims. However, on October 23, 2013, Zersen amended his class definition to include only individuals who received the Ramsgate "modernLINK" fax. This amendment did not cover two of Machesney's

faxes, and thus the Zersen action no longer operated to toll the statute of limitations for those claims.  Machesney filed the instant motion on April 9, 2014.  The period from December 19, 2006 (date of first fax received by Machesney) to May 25, 2010 (Zersen's filing of class action complaint), plus the period from October 23, 2013 (Zersen's class definition amendment) to April 9, 2014 (filing of the instant motion), equals approximately three years, eleven months, and twenty-three days, well within the four-year limitations period.

### B.  Subsequent Class Action/Individual Action

Alternatively, even if the claims survive, Ramsgate argues that Machesney may not bring a subsequent class action, only an individual action.  The Sixth Circuit has held that the "pendency of a previously filed class action does not toll the limitations period for additional class actions by putative members of the original asserted class." Andrews v. Orr, 851 F.2d 146, 149 (6th Cir. 1988) (overruled on other grounds).  In Andrews, the district court denied certification of the original asserted class on its merits under Rule 23(a).  Andrews v. Orr, 614 F. Supp. 689, 690 (S.D. Ohio 1985).  The district court also noted that the "tolling principle in American Pipe and Crown, Cork & Seal applies only to the initiation of a new *personal action and not a new class action* . . . ." Id. at 694 (emphasis added).

Here, Machesney was a member of the original putative class in the Zersen action until the class definition was amended in October 2013.  Thus, it appears that Andrews bars Machesney from filing a subsequent class action.  See Phipps, 925 F. Supp. 2d at 905 (recognizing the "still-binding precedent articulated in Andrews" as precluding subsequent class claims from taking advantage of American Pipe tolling).

In contrast, Machesney asserts that because the amendment of the Zersen action class definition excluded her as a putative class member, she is not barred under Andrews, and thus she may bring a new class action based on the faxes she received. She argues that Sawyer, discussed above, permits successive class actions. 642 F.3d at 564-65. In its decision, the Seventh Circuit stressed that if a class action is dismissed prior to reaching the merits of class certification, the "remaining members are entitled to one full and fair opportunity to litigate the question whether a class action is proper." Id. at 564. It further noted that the issue centers not on the tolling doctrine announced in American Pipe; rather, it involves "the preclusive effect of the first [class action] decision, plus a proper application of Rule 23's criteria." Id. In other words, a defendant cannot argue for the preclusive effect of a prior decision dismissing a class action if the dismissal is not on the merits of class certification. Consequently, the holdings in Andrews and Sawyer do not necessarily conflict.

Here, the court in the Zersen action addressed class certification, ultimately declining to certify the class because it was not the appropriate method of adjudication. However, the preclusive effect of the ruling only applies to Zersen's amended class definition, which did not include two of Machesney's faxes. Like Sawyer, Machesney has not yet received one full and fair opportunity to litigate those claims. Thus, Andrews does not bar her subsequent amended class action complaint.

IV.   CONCLUSION

9

In sum, Machesney satisfied her burden to demonstrate that the Court should reopen the case and grant leave to file her amended complaint.  Applying collateral estoppel to Machesney's claims does not further judicial economy; rather, it unjustifiably prevents Machesney a full and fair opportunity for relief.  Accordingly, the motion to reopen and file an amended complaint is **GRANTED**.

**IT IS SO ORDERED.**

Date:   June 10, 2014                                    s/Marianne O. Battani
                                                         MARIANNE O. BATTANI
                                                         United States District Judge


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 10, 2014.

                                                         s/ Kay Doaks
                                                         Case Manager

10